UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**05 - 10237 RCL**

FILED
IN CLERKS OFFICE
2005 FEB -4  P 4: 59
U.S. DISTRICT COURT
DISTRICT OF MASS.

RECEIPT # 61930
AMOUNT $150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE 2/7/05

|  |  |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS UNION, LOCAL 103, AFL-CIO | ) ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| MASSACHUSETTS ELECTRIC CONSTRUCTION COMPANY, | ) ) ) |
| Defendant. | ) ) ) |

MAGISTRATE JUDGE Alden

## PETITION TO CONFIRM ARBITRATION AWARD

Plaintiff International Brotherhood of Electrical Workers Union, Local 103, AFL-CIO (hereinafter "Local 103") complains of Defendant as follows:

## NATURE OF THE ACTION

1.  This is a civil action to confirm a labor arbitration award which is brought pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and the Federal Arbitration Act, 9 U.S.C. § 9.

1

2. This Petition arises out of an arbitration award against the Defendant, Massachusetts Electric Construction Company (hereinafter "Mass Electric"), which is party to a collective bargaining agreement with Local 103. Local 103 charged that 1) the Company terminated Dennis Gomes because of his protected Union and concerted activity including the filing of numerous grievances, unfair labor practice charges and discrimination charges; 2) the Company's reason for terminating Gomes for "lack of light duty work" was pretextual because it never inquired as to whether Gomes could perform work other than light duty and light duty work was available at the time of his termination; and 3) the Company terminated two other employees, Greg Sharrigan and Robert Onishuk, for alleged "lack of light duty work" to make it appear that Gomes was not singled out. The Company agreed to arbitrate the dispute. The Hearing was held before Arbitrator Michael F. Walsh on September 12 and October 14, 2003. The Arbitrator issued a decision and award on February 9, 2004 sustaining the grievance with regard to the termination of Gomes, Sharrigan, and Onishuk and ordering that they be reinstated and made whole. A correct copy of that decision and award is attached as Exhibit 1. Mass Electric has not complied with the award. The award has not been vacated, modified, or corrected.

## JURISDICTION

3. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and Section 301 of the LMRA, as amended, 29 U.S.C. § 185.

## VENUE

4.  Venue is proper in this District under 28 U.S.C. § 1391(b) and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). All of the events giving rise to this claim occurred within the jurisdiction of this Court. Local 103 and Mass Electric both maintain their respective principal offices within the jurisdiction of this Court.

## PARTIES

5.  Plaintiff Local 103 is a voluntary association and an unincorporated labor organization engaged in representing employees in collective bargaining with employers. It maintains its principal place of business at 256 Freeport St., Dorchester, Massachusetts 02122. Michael E. Calder is a Business Agent of Local 103.

6.  Defendant Mass Electric is an electrical construction contractor. Its principal place of business is 180 Guest St., Boston, Massachusetts 02135.

## STATEMENT OF FACTS

7.  The following facts are taken from the Arbitrator's findings.

8.  Mass Electric and Local 103 are signatories to a collective bargaining agreement, Agreement and Working Rules for the Electric Industry of Greater Boston between Local 103 and the Electrical Contractors Association of Greater Boston (hereinafter "Working Agreement"). A correct copy of the Working Agreement is attached as Exhibit 2. All parties on the Central Artery/Third Harbor Tunnel Project (hereinafter "CA/T"), including Mass Electric,

are subject to the Project Labor Agreement (hereinafter "PLA") between Bechtel/Parsons, Brinckerhoff (hereinafter "B/PH") and the Building Trades Council (hereinafter "BTC"). Article 11 of the PLA incorporates the WA. A correct copy of the PLA is attached as Exhibit 3.

9. Dennis Gomes began working as a journeyman electrician for Mass Electric in 2000. He has filed numerous complaints, grievances, and legal claims against Mass Electric.

10. On or about November 6, 2002, Gomes suffered an injury on the job. On or about November 29, 2002, Gomes was given a light duty assignment.

11. Gomes was "terminated" on March 23, 2003; his referral slip stated that the reason for "termination" was lack of light duty work. Gomes thereafter provided a letter from his doctor, dated March 25, 2003, stating he could return to full duties without any restrictions.

12. Greg Sharrigan has worked for Mass Electric as a journeyman and a foreman for most of the past twenty-eight years. Sharrigan began having back problems in 2000. He performed light duty work until May 2001. In June 2001, Sharrigan returned to Mass Electric with some restrictions. Mass Electric terminated Sharrigan for lack of light duty work on March 25, 2003.

13. Robert Onishuk began working for Mass Electric in 1993 as a journeyman and was employed there continuously until his termination in March 2003. He worked as a foreman from September 2002 until March 17, 2003. As a result of an on-the-job injury, Onishuk's ability to lift things with his right hand was limited, but he was able to perform his duties required in his job as foreman.

14. On March 20, 2003 Onishuk was placed on light duty. At the end of Onishuk's shift on March 28, 2003, he received notice that he had been terminated from Mass Electric for lack of light duty work.

15. A Hearing was held before Arbitrator Michael F. Walsh on September 12 and October 14, 2003. The Arbitrator issued a decision and award on February 9, 2004 sustaining the grievance and ordering that grievants Gomes, Sharrigan, and Onishuk be reinstated and made whole.

16. The written decision states in relevant part:

When weighing against Mass Electric past practice under its "Safety and Health Procedures Manual" to make every reasonable accommodation to provide employment, the facile explanation for its "terminations" of Gomes, Onishuk, and Sharrigan; the fact that Gomes produced a "fit for duty note"; the fact that Onishuk, even within his light duty period served as foreman; [Labor Manager] O'Connell's conversation [in which he told Onishuk that "this wasn't about you" and "call in three weeks"]; and Hopke's failed explanation about Sharrigan's abilities warrant a negation of Mass Electric's so called defense of "termination for lack of light duty work".

17. The award states, in relevant part:

The Arbitrator finds that Mass Electric violated the Working Agreement by layoff of the grievants Denis [sic] Gomes, Robert Onishuk and Greg Sharrigan, all Group 1 journeyman electricians, while retaining other employees, all in violation of Article 5-20 reverse layoffs.

The Arbitrator, hereby, directs and orders that Mass Electric reinstate the grievants to the position they would have been in on the date of their layoff; and to make all the grievants whole for any loss of wages and benefits they may have suffered as a result of their layoff.

18. Mass Electric has offered reinstatement but has not otherwise complied with the award. The award has not been vacated, modified, or corrected.

## REQUEST FOR RELIEF

Wherefore, Local 103 prays as follows:

1. That this Court confirm the decision and award of the Arbitrator and make said decision and award a judgment of this Court;

2. That Local 103 be awarded its reasonable attorneys' fees and costs of suit in connection with this action; and

3. That this Court grants such other and further relief as is just and proper.

                                            Respectfully submitted,

                                            INTERNATIONAL BROTHERHOOD OF
                                            ELECTRICAL WORKERS, LOCAL 103

                                            By its attorneys,

                                            _____
                                            Ira Sills, Esq. BBO # 462220
                                            Indira Talwani, Esq. BBO #645577
                                            Rachel E. Rosenbloom, Esq. BBO #655318

                                            **SEGAL, ROITMAN & COLEMAN**
                                            11 Beacon Street, Suite 500
                                            Boston, MA 02108
                                            (617) 742-0208

Dated: February 4, 2002

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **International Brotherhood of Electrical Workers Local 103, AFL-CIO vs. Massachusetts Electric Construction Company**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    05-10237 RCL

    ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☒ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
    740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

    ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
    315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
    380, 385, 450, 891.

    ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
    690, 810, 861-865, 870, 871, 875, 900.

    ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐  NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐  NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐  NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐  NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☒  NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?
    Eastern Division ☒    Central Division ☐    Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
    Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **Ira Sills, Indira Talwani, Rachel Rosenbloom**
ADDRESS **Segal, Roitman & Coleman, 11 Beacon Street, Suite 500, Boston, MA 02108**
TELEPHONE NO. **(617) 742-0208**

(Coversheetlocal.wpd - 10/17/02)

≈JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

International Brotherhood of Electrical Workers, Local 103

(b) County of Residence of First Listed Plaintiff **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Ira Sills, Esq. and Rachel Rosenbloom, Esq.
Segal, Roitman & Coleman
11 Beacon Street, Suite 500    (617)742-0208
Boston, MA 02108

## DEFENDANTS

Massachusetts Electric Construction Co.

County of Residence of First Listed **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Kieran Meagher, Esq.
Meagher & Associates
92 Montvale Ave.
Stoneham, MA 02180    (781)246-1101

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☒ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

29 U.S.C. § 185    Petition to Confirm Arbitration Award

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE 2/4/05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.