UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS UNION,
LOCAL 103, AFL-CIO

v.                                                                  CASE NUMBER: 05-10237-RCL

MASSACHUSETTS ELECTRIC
CONSTRUCTION COMPANY

### ANSWER AND COUNTERCLAIM OF DEFENDANT
### MASSACHUSETTS ELECTRIC CONSTRUCTION CO.

The Defendant Massachusetts Electric Construction Co. (Mass. Electric) hereby answers plaintiffs complaint and counterclaims as follows:

1.  Paragraph 1 of the complaint states conclusions of law to which no response is required.

2.  Mass. Electric admits the averments of the first sentence of paragraph 2. Mass. Electric makes no response to the averments of the second sentence of paragraph 2 on the basis that Local 103's contentions are irrelevant. Mass. Electric admits the averments of the third and fourth sentences of paragraph 2. Mass. Electric admits that the arbitrator issued a decision on February 9, 2004 which decision is a document in writing and admits that a copy is attached to the complaint as Exhibit 1. Mass. Electric denies the averments of the seventh sentence of paragraph 2 and admits the averments of the eighth sentence of paragraph 2.

3.  Mass. Electric challenges the jurisdiction of this court.

4.  Mass. Electric does not challenge venue in this court.

5.  Mass. Electric admits that Local 103 is engaged in representing employees in collective bargaining with employers and is without information sufficient

to admit or deny the remaining averments of sentence one of paragraph 5. Mass. Electric admits the second and third sentences of paragraph 5.

6. Mass. Electric admits the averments of paragraph 6.

7. The arbitrator's decision is a document in writing which speaks for itself.

8. The arbitrator's decision is a document in writing which speaks for itself. Mass. Electric admits that true copies of the Working Agreement and of the PLA are attached as Exhibits 2 and 3.

9. The arbitrator's decision is a document in writing which speaks for itself.

10. The arbitrator's decision is a document in writing which speaks for itself.

11. The arbitrator's decision is a document in writing which speaks for itself.

12. The arbitrator's decision is a document in writing which speaks for itself.

13. The arbitrator's decision is a document in writing which speaks for itself.

14. The arbitrator's decision is a document in writing which speaks for itself.

15. Mass. Electric admits the averments of the first sentence of paragraph 15. Mass. Electric admits that the arbitrator issued a decision on February 9, 2004, which is a document in writing which speaks for itself.

16. The arbitrator's decision is a document in writing which speaks for itself.

17. The arbitrator's decision is a document in writing which speaks for itself.

18. Mass. Electric admits that it offered reinstatement which was refused by the grievants, Gomes, Sharrigan and Onishuk. Mass. Electric denies the first sentence of paragraph 18. Mass. Electric admits the averments of the second sentence of paragraph 18.

arbitrator had no power of authority to order Mass. Electric to reinstate an individual who is physically unable to perform and further lacked authority to order Mass. Electric to pay back wages to an individual who is and was physically unable to perform the duties of a journeyman electrician;

4. That the Court order that Local 103 be ordered to indemnify Mass. Electric for any back wages assessed in excess of the amount due under prayer 2;

5. That any award of interest on back wages be ordered to be paid by Local 103 as a result of their deliberate efforts to delay resolution of this matter;

6. That Mass. Electric be awarded such other relief as the Court deems proper.

Date: 4/14/05

Mass. Electric Construction Co.
By Its Attorney

_____
Kieran B. Meagher – BBO 340920
Kieran B. Meagher Associates LLC
92 Montvale Avenue
Stoneham, MA 02180
(781) 246-1101

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of April 2005 I mailed a true copy of the within Answer and Counterclaim of Defendant Massachusetts Electric Construction Co. by first-class mail, postage prepaid to:

Ira Sills, Esquire
Segal Roitman & Coleman
11 Beacon Street
Boston, MA 02108

_____
Kieran B. Meagher

C:\Shared\KBM\MEC\IBEW Local 103\Answer and Counterclaim of MEC 4 8 05.doc

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The decision of the arbitrator was ambiguous and the arbitrator refused a proper written request from the employer to clarify his decision.

## THIRD AFFIRMATIVE DEFENSE

There is no provision in the Collective Bargaining Agreement or the Project Labor Agreement that the judgment of a court may be entered upon the award, nor is there a provision specifying this court.

## FOURTH AFFIRMATIVE DEFENSE

The arbitrator exceeded the scope of his powers, specifically, the provision of Article VIII, §3B that "He shall not have the authority to change, amend, add to or detract from any of the provisions of this agreement."

## FIFTH AFFIRMATIVE DEFENSE

The arbitrator abused his authority by refusing to interpret and construe his award so as to clarify his award of back pay.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff and the grievants have failed to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

The arbitrator exceeded his powers by ordering the return to full employment of individuals who were physically incapable of performing the responsibilities of a journeyman electrician in violation of Article 6.5 of the Collective Bargaining Agreement.

3

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff and the grievants are estopped by their acts and conduct from recovery in this action.

## NINTH AFFIRMATIVE DEFENSE

Any rights the grievants had arising out of the Collective Bargaining Agreement expired on August 31, 2003, the date of expiration of the agreement.

## COUNTERCLAIM

1. Mass. Electric Construction Co. is a Delaware corporation with its principal place of business at 180 Guest Street, Boston, Massachusetts 02135.

2. The Defendant in counterclaim, International Brotherhood of Electrical Workers Union, Local 103, AFL-CIO, is a labor organization with a principal place of business at 356 Freeport Street, Dorchester, Massachusetts 02122.

3. Upon receipt of the arbitrator's decision in this matter, Mass. Electric by counsel requested that the arbitrator clarify his award to make clear what the arbitrator intended by the phrase "The arbitrator, hereby, directs and orders that Mass. Electric reinstate the grievants to the position they would have been in on the date of their layoff; and to make all the grievants whole for any loss of wages and benefits they may have suffered as a result of their layoff."

4. The Defendant Local 103 objected to the clarification by letter dated February 12, 2004, and the arbitrator refused to clarify.

5. Upon receipt of the arbitrator's denial of the motion for reconsideration and clarification counsel for Mass. Electric requested that counsel for Local 103 provide the dates when the grievants had returned to work so that Mass. Electric could calculate back pay entitlements.

6. Local 103 refused to provide this information, thereby precluding Mass. Electric from calculating and paying the back pay.

7. By letter dated March 17, 2004, Mass. Electric offered reinstatement to the three grievants as journeymen electricians. The letter further noted that counsel for Local 103 had stated that he was performing a back pay computation in accordance with the arbitrator's decision.

8. By letter dated May 6, 2004, counsel for Local 103 notified counsel for Mass. Electric that the grievants refused the offer of reinstatement.

9. Accordingly, none of the grievants is entitled to reinstatement.

10. In his letter of May 6, 2004, counsel for Local 103 contended that the grievants were entitled to back pay from the date of termination to the date that they were offered reinstatement, with no credit to the employer for interim earnings of the grievants from positions they had secured after termination by Mass. Electric.

11. Thus, Local 103 was contending that the awards statement that the grievants should be "made whole" meant that the grievants should be awarded a windfall of double wages for periods of time they had been employed after the termination.

12. The Local further contended that grievant Onishuk, who had never signed up for job referrals after his termination, was nevertheless entitled to full back pay when he was physically incapable of performing the functions of a journeyman electrician.

13. If this was what was intended by the arbitrator, then the arbitrator clearly exceeded his powers because an employer cannot be forced to employ a physically unfit employee under the Collective Bargaining Agreement and the Project Labor Agreement.

14. Local 103 delayed for nearly one year in seeking to confirm the award of the arbitrator.

15. The actions of Local 103 in convincing the arbitrator not to clarify his ambiguous and potentially void award, Local 103's delay in responding to counsel for Mass. Electric and then responding with a wage calculation which is inconsistent with the "made whole" language of the award, and Local 103's delay in seeking to confirm the award have caused damage to Mass. Electric for which Local 103 is liable to Mass. Electric.

16. Local 103 is liable to Mass. Electric for any and all back wages Mass. Electric is obligated to pay after August 31, 2003.

17. Local 103 is liable to Mass. Electric for any interest Mass. Electric is required to pay on any back wages found to be due to the grievants.

WHEREFORE, Mass. Electric prays:

1. That the Court declare that the grievants have by their refusal of reinstatement forfeited any right to reinstatement;

2. That the Court order that the only amount to which grievants may be entitled in the case of Grievants Gomes and Sharrigan ended on August 31, 2003, the date of expiration of the Collective Bargaining Agreement; in the alternative, that the Court determine that the amount of back pay due Grievants Gomes and Sharrigan runs from the date of their termination until the date of their re-employment by other employers, whichever is earlier;

3. That the court declare that the Grievant Onishuk is and was at all times physically unable to perform the duties of a journeyman electrician and that under the terms of the Collective Bargaining Agreement and Project Labor Agreement the