UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS UNION, LOCAL 103, AFL-CIO <br><br> Plaintiff, <br> v. <br><br> MASSACHUSETTS ELECTRIC CONSTRUCTION COMPANY, <br><br> Defendant. | Case No. 05-10237-RCL |

**MEMORANDUM IN SUPPORT OF PLAINTIFF AND DEFENDANT-IN-COUNTERCLAIM IBEW LOCAL 103'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff and Defendant-in-Counterclaim International Brotherhood of Electrical Workers, Local 103, AFL-CIO ("Local 103" or "Union") submits this Memorandum of Law in Support of its Motion to Dismiss Defendant Massachusetts Electric Construction Company's counterclaim for failure to state a claim upon which relief may be granted.

1

I.   **INTRODUCTION**

This action is a petition by Local 103 to confirm a labor arbitration award against Massachusetts Electric Construction Company ("Defendant") pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and the Federal Arbitration Act, 9 U.S.C. § 9.  The arbitration award, dated February 9, 2004, ordered that Defendant reinstate Dennis Gomes ("Gomes"), Greg Sharrigan ("Sharrigan"), and Robert Onishuk ("Onishuk") and make them whole.

Defendant filed a counterclaim seeking various forms of relief without stating the legal basis for such relief.  Construed as a motion to vacate or modify the award, the counterclaim is time-barred under 9 U.S.C. § 12 and therefore fails to state a claim for which relief can be granted.  Therefore, the counterclaim should be dismissed.

II.   **ARGUMENT**

   A.   **STANDARD OF REVIEW**

In determining whether Plaintiffs' Complaint fails to state a claim for which relief can be granted, the Court takes all well-pleaded facts in as true.  Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 40 (1st Cir. 1998).  However, the Court should "eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets."  Royal v. Leader Edge Prods., Inc., 833 F.2d 1, 1 (1st Cir. 1987) (subject matter jurisdiction) (quotations and citation omitted); Educadores Puertorriqueños En Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004) (failure to state a claim) (quotations and citation omitted).

### B.  DEFENDANT'S COUNTERCLAIMS MUST BE DISMISSED FORFAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Defendant has failed to specify the cause of action under which the counterclaim is brought. Because Defendant seeks a declaration that the arbitrator exceeded his authority and seeks other relief related to the arbitration award, Local 103 construes the claim as arising under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et. seq.  *See* Local Union No. 251 v. Narragansett Improvement Co., 503 F.2d 309, 311-12 (1st Cir. 1979) (applying FAA to collective bargaining agreement).  *See also*, Kiewit/Atkinson/Kenny v. International Brotherhood of Electrical Workers, Local 103, AFL-CIO, 43 F. Supp.2d 132  (D. Mass 1999) and Kiewit/Atkinson/Kenny v. International Brotherhood of Electrical Workers, Local 103, AFL-CIO, 76 F. Supp. 2d 77 (D. Mass. 1999) (holding that motion to vacate arbitration award in favor of IBEW Local 103 and against Massachusetts Electric Construction Company and co-employers was governed by FAA.)

Under the FAA, a district court may vacate or modify an arbitration award on a number of enumerated grounds.  9 U.S.C., §§ 9-10 . Section 12 provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12.  The arbitration award at issue here is dated February 9, 2004.  Answer, ¶ 2.  Defendant's counterclaim was filed on April 14, 2005, over fourteen months after the award issued.  It is therefore time-barred under Section 12.  *See* Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986) (once three-month period specified under 9 U.S.C. § 12 has expired, attempt to vacate arbitration award cannot be made even in opposition to a motion to confirm the award); Florasynth, Inc. v. Pickholz, 750 F.2d 171 (2d Cir. 1984) (same).

### III.  CONCLUSION

For the reasons stated above, the counterclaim against Local 103 must be dismissed as time-barred.

Respectfully submitted,

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS,  LOCAL 103

By its attorneys,

/s/ Rachel E. Rosenbloom
Ira Sills, Esq. BBO # 462220
Indira Talwani, Esq. BBO #645577
Rachel E. Rosenbloom, Esq. BBO #655318

**SEGAL, ROITMAN & COLEMAN**
11 Beacon Street, Suite 500
Boston, MA 02108
(617) 742-0208

Dated:  May 5, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of foregoing Memorandum of Law in Support of Plaintiff and Defendant-in-Counterclaim IBEW Local 103's Motion to Dismiss Defendant's Counterclaim was served upon Kieran B. Meagher, Esq., Kieran B. Meagher Associates, LLC, 92 Montvale Ave., Stoneham, MA 02180 via first class mail, postage prepaid, this 5th day of May, 2005.

/s/ Rachel E. Rosenbloom
Rachel E. Rosenbloom
