UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

INTERNATIONAL BROTHERHOOD OF |
ELECTRICAL WORKERS UNION, |
LOCAL 103, AFL-CIO |
|
v. | CASE NUMBER: 05-10237-RCL
|
MASS. ELECTRIC |
CONSTRUCTION COMPANY |

OPPOSITION OF DEFENDANT/PLAINTIFF IN COUNTERCLAIM
MASS. ELECTRIC CONSTRUCTION CO.
TO PLAINTIFF/DEFENDANT IN COUNTERCLAIM
IBEW LOCAL 103'S MOTION TO DISMISS THE COUNTERCLAIM

Defendant/Plaintiff in Counterclaim Mass. Electric Construction Co. (Mass. Electric) hereby opposes the motion of Plaintiff/Defendant in Counterclaim IBEW Local 103 (Local 103) to dismiss the counterclaim asserted by Mass. Electric in this matter. Local 103 contends that the counterclaim fails to state a claim upon which relief can be granted. In support of this position, Local 103 appears to assert two positions: first, that the counterclaim fails to state a legal basis for the relief sought; and second that the counterclaim is an effort on the part of Mass. Electric to vacate or modify an arbitration award and is time barred. Because both positions asserted by Local 103 are without support, either by the terms of the counterclaim or by the Federal Rules of Civil Procedure and case law thereunder, the motion must be denied.

Local 103 correctly admits that, for purposes of a Rule 12(b)(6) motion, the Court must take all well pleaded facts as true. Massachusetts School of Law at Andover, Inc. v. American Bar Association, 142 F.3d 2640 (1st Circuit 1998)  Accordingly, every assertion in paragraphs 1 through 15 of the counterclaim must be accepted as true by

the court. This is not any artificial assumption by the Court: in fact, all of these 15 paragraphs of purely factual assertions are true. Paragraphs 16 and 17 merely state that Local 103 is liable to Mass. Electric for certain forms of damages which the actions of Local 103 described in paragraphs 1 through 15 of the counterclaim have caused Mass. Electric.

It appears that Local 103 is contending that a counterclaim which does not label itself under a particular cause of action is somehow defective. Local 103 asserts no authority for this position and Mass. Electric respectfully states that there is none. In the familiar language of F.R.C.P. Rule 8(a), "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, crossclaim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Local 103 urges the court to "eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets," Royal v. Leader Edge Prods., Inc., 833 F.2d 11 (1st Circuit 1987). It is unclear why Local 103 includes the quotation and citation, in light of the fact that not only is the counterclaim singularly lacking in "bald assertions, unsupportable conclusions, and opprobrious epithets," Local 103 makes no effort to indicate any portion of the counterclaim which Local 103 might consider to fall into any one or more of these eschewed categories.

What does the plain language of the counterclaim state and what relief does it seek? The answers are obvious. Mass. Electric contends that during the period of time

when, under state or federal law, if applicable, an action to vacate or modify the arbitration award could be brought, Local 103 opposed Mass. Electric's application for clarification of the award and wrongfully convinced the arbitrator that the arbitrator was disempowered to clarify his award.  Further, during the same period of time, Local 103 informed Mass. Electric that it was calculating the back pay due the grievance under the "make whole" language of the arbitrator's order.  Mass. Electric in good faith relied upon this representation by Local 103.  After the time frame for bringing a motion to vacate or modify the award had expired, Local 103 announced its position for the first time that the make whole language did not mean that the grievants should be paid wages and benefits for the period they were unemployed after the termination, but rather that the period to which they were entitled to wages and benefits extended up until the dates that they rejected reinstatement.

It is these actions of Local 103 which gives rise to the claim asserted in the counterclaim against Local 103.  Local 103 acknowledges that the grievants rejected reinstatement and that therefore that part of the award is moot.  If this Court concludes that it has jurisdiction of Local 103's complaint, and further concludes that the grievants are entitled to back pay and interest beyond the dates which Mass. Electric believes are the end dates of their entitlements, it will be because of the acts of Local 103 in misleading the arbitrator, and misleading Mass. Electric as to the back pay calculations Local 103 said it was making.  In addition, by refusing to provide Mass. Electric with the information on when two of the grievants had returned to work, Local 103 completely prevented Mass. Electric from computing any entitlement to back pay and making a

payment, even if only pro tanto, which would have had the effect of terminating any interest obligation on the back pay award to the extent of the payment.

From the foregoing, in fact from the averments of Local 103's complaint that Mass. Electric offered reinstatement, it is apparent that Mass. Electric is not seeking to vacate or modify the arbitrator's award. On the contrary, despite its disagreement with the arbitrator's conclusion, Mass. Electric moved in good faith to comply with the award and was prevented from doing so by Local 103's actions. If there are economic consequences of this action by Local 103, it is Mass. Electric's position that Local 103 should bear the financial consequences of Local 103's actions.

There is one aspect of the award which Mass. Electric has raised by way of affirmative defense which challenges the arbitrator's award. That is the portion of the award which ordered reinstatement of two of the grievants who were, by their own proclamations, physically incapable of performing the duties of a journeyman electrician. One of these individuals at some point apparently recovered to the extent that he became capable of performing the functions of a journeyman electrician, but Mass. Electric has no idea when that happened, because Local 103 refused to provide that information. The other physically incapable individual, to the best of Mass. Electric's knowledge, remains today physically incapable of performing the functions of a journeyman electrician. To Mass. Electric's knowledge, he has never, since his termination, placed his name on the referral (ready to work) list. As to this individual, it is Mass. Electric's position, raised as an affirmative defense, and not as a counterclaim, that the arbitrator exceeded his powers. If an arbitrator exceeds his authority under the contract, his decision is void and unenforceable to the extent such power is exceeded.

<u>Nuest v. Westinghouse Air Brake Co.</u>, 313 F.Supp. 1228 (Southern District Illinois 1970). Mass. Electric has carefully and correctly raised the unenforceability of the void portion of the arbitrator's award as an affirmative defense to an action to enforce it. On the other hand, the counterclaim does not in any way seek to vacate or modify the arbitrator's award. It only seeks to hold Local 103 responsible for any damages suffered by Mass. Electric with respect to the grievants on account of misleading statements, deliberate delaying by Local 103, and refusal to provide information to Mass. Electric to which it was entitled in order to comply with the arbitration award. These are cognizable theories of recovery and the counterclaim accordingly states claims upon which relief can be granted. The counterclaim does not seek to modify or vacate the arbitrator's award.

<u>Conclusion</u>

For the foregoing reasons the motion should be denied.

Mass. Electric Construction Co.
By Its Attorney

Date: 5-13-05

Kieran B. Meagher / BBO 340920
Kieran B. Meagher Associates LLC
92 Montvale Avenue
Stoneham, MA 02180
(781) 246-1101

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of May 2005 I mailed a true copy of the within Answer and Counterclaim of Defendant Massachusetts Electric Construction Co. by first-class mail, postage prepaid to Ira Sills, Esquire, Segal Roitman & Coleman 11 Beacon Street, Boston, MA 02108.

Kieran B. Meagher

C:\Shared\KBM\MEC\IBEW Local 103\Opposition to Motion to Dismiss Counterclaim 5 13-05.doc