UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS UNION, LOCAL 103, AFL-CIO | ) ) ) ) ) | |
| Plaintiff, | ) | Case No. 05-10237-RCL |
| v. | ) ) | |
| MASSACHUSETTS ELECTRIC CONSTRUCTION COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)**

The parties have conferred in good faith and submit this Joint Statement pursuant to Local Rule 16.1 of the United States District Court for the District of Massachusetts and the Court's Notice of Scheduling Conference.

1. Plaintiff International Brotherhood of Electrical Workers Union, Local 103, ("Local 103"), brings its petition to confirm a labor arbitration award pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and the Federal Arbitration Act, 9 U.S.C. § 9. Defendant Massachusetts Electric Construction Company ("Mass Electric") has answered and counterclaimed against Plaintiff. On May 5, 2005, Plaintiff filed a Motion to Dismiss Defendant's Counterclaim. The parties disagree as to the need for discovery, and therefore have been unable to agree on an appropriate pretrial schedule for this matter.

The respective proposed pretrial schedules are as follows:

**Plaintiff's Proposed Pretrial Schedule and Discovery Plan**

Plaintiff submits that its Petition to Confirm requires no discovery, and that Plaintiff should be permitted to file a motion for judgment on the pleadings, or in the alternative, for summary judgment, prior to incurring the expense of discovery. Plaintiff contends further that preparing initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) would cause unnecessary expenses as well and for that reason objects pursuant to that rule to providing initial disclosures prior to a decision on Plaintiff's dispositive motion. Accordingly, Plaintiff proposes that it be permitted to file a motion for judgment on the pleadings, or in the alternative, for summary judgment on or before September 8, 2005, and prior to making initial disclosures or commencing discovery, and that in the event the motion is denied in whole or part, the Court should then consider discovery (and deadlines for initial disclosure).

Plaintiff further submits that the Court should postpone consideration of discovery regarding Defendant's Counterclaim pending disposition of Plaintiff's Motion to Dismiss.

**Defendant's Proposed Pretrial Schedule and Discovery Plan**

Mass Electric agrees that no discovery is needed with respect to the Plaintiff's motion to dismiss the counterclaim, for the simple reason that the stated basis for the motion, that Mass Electric is seeking by the counterclaim to vacate the arbitrator's award, is an obvious misstatement of the counterclaim and therefore should be summarily denied. Mass Electric does require limited and narrowly focused discovery from Plaintiff on the subject of when the individual grievants a) signed up for referrals, b) when they were referred out, and c) whether

any referrals were refused by either the grievants or the employer to whom they were referred. Mass Electric sought this information from Plaintiff after receipt of the arbitrator's award in order to comply with that part of the award which ordered Mass Electric to "make the grievants whole" for wages lost during their period of unemployment. Plaintiff refused to provide the information, thus generating the circumstances which led to this action. If this Court has jurisdiction over plaintiff's action ( which will be a subject for a Rule 12 (b) motion by Mass Electric), and if the grievants are entitled to damages in the form of lost wages, Mass Electric is entitled to discovery on the issues described above. Mass Electric respectfully suggests that, even if Plaintiff were to prevail on some sort of motion for judgment or on the pleadings, Mass Electric would still be entitled to discovery on the issues involving the quantum of back pay.

Mass Electric does not oppose September 8, 2005 as a filing date for preliminary cross motions, so long as Plaintiff's motion is limited to liability only, with discovery to follow if Mass Electric's Rule 12 (b) motion is denied.

### SETTLEMENT

Plaintiff has submitted a written settlement proposal to Defendant. Defendant will be prepared to respond to the proposal at the scheduling conference.

### CERTIFICATIONS

Local Rule 16.1(D) (3) certifications will be filed by each of the parties under separate cover. The parties decline to have a trial in front of a Magistrate Judge.

Respectfully submitted,

| | |
|---|---|
| MASS ELECTRIC CONSTRUCTION CO, | INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS UNION, LOCAL 103, |
| By its attorney, | By its attorneys, |
| _____/s/_____ | _____/s/_____ |
| Kieran B. Meagher, BBO # | Ira Sills, Esq. BBO#462220 |
| KIERAN B. MEAGHER ASSOCIATES | Indira Talwani, Esq. BBO#645577 |
| 92 Montvale Avenue | Rachel E. Rosenbloom, Esq. BBO #655318 |
| Stoneham, MA 02180 | SEGAL, ROITMAN & COLEMAN |
| (781) 246-1101 | 11 Beacon Street, Suite 500 |
| (781) 246-1102 - Fax | Boston, MA 02108 |
| | (617) 742-0208 |
| | (617) 742-2187 - Fax |

Dated:  June 3, 2005

4